UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROPERTY WEST, INC., a California corporation, et al,<br><br>                                    Plaintiffs,<br><br>v.<br><br>  KINSALE INSURANCE COMPANY, an Arkansas corporation; DOES 1 through 20, inclusive,<br><br>                                    Defendant.<br>────────────────────────────<br>AND RELATED COUNTERCLAIMS | Case No.:  3:22-cv-530-W-BGS<br><br>**ORDER:**<br>**(1) GRANTING PLAINTIFFS' MOTION TO REMAND [DOC. 7]; AND**<br>**(2) DENYING PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES [DOC. 7]** |

Pending before the Court is Plaintiffs Property West, Inc., Juan Maciel, Laura Rabago, Irma Conde, Adrianna Garcia, and Alejandra Lopez' (collectively, "Plaintiffs") Motion to Remand this case to the San Diego Superior Court.  (*Mot.* [Doc. 7].)  Plaintiffs also request $22,089.25 in attorneys' fees that were incurred due to the removal. (*Reply* [Doc. 13] at 10.)  Defendant Kinsale Insurance Company opposes both requests.  (*Opp'n* [Doc. 12].)

1
2
3
4

The Court takes the matter under submission and without oral argument.  See Civ. R. 7.1(d)(1).  For the following reasons, the Court **GRANTS** Plaintiffs' Motion to Remand, **ORDERS** the case remanded, and **DENIES** Plaintiffs' request for attorneys' fees.  [Doc. 7].

5
6

## I.   RELEVANT BACKGROUND

7
8
9
10
11
12
13
14

This case concerns an insurance coverage dispute arising out of an underlying lawsuit alleging various employment practice claims.  Plaintiff Property West is a property management company; Plaintiffs Juan Macial, Laura Rabago, Irma Conde, Adrianna Garcia, and Alejandra Lopez were at all relevant times employees of Property West.  (*Mot.* at 3:11-13.)  In March of 2020, Sandra Castro, a former employee of Property West, filed suit against Property West and the above-referenced individuals in San Diego Superior Court, alleging (among other things) employment discrimination, harassment, wrongful discharge, and retaliation.  (*Caplan Decl. Ex. A* [Doc. 7-3] at 8:6-8.)

15
16
17
18
19
20
21
22
23

Property West then tendered Castro's Complaint to its Employment Practices Liability insurer, Defendant Kinsale Insurance Company ("Kinsale").  (*Id.* at 9:6-7.)  But Kinsale denied coverage because the claim was allegedly made prior to the policy period.  (*Id.* at 9:10-15.)  As a result, on February 17, 2022, Plaintiffs sued Defendant Kinsale in San Diego Superior Court, alleging breach of contract, and seeking a declaration of coverage.  (*Caplan Decl. Ex. A* at 10-17.)  The Complaint, however, did not clearly allege whether the amount in controversy exceeded $75,000.  (*Opp'n* at 3:19-23.)  So Kinsale requested that Plaintiffs stipulate that it did.  (*Id.*)  Plaintiffs agreed and on March 30, 2022, sent Kinsale the executed stipulation.  (*Caplan Decl. Ex. B* [Doc. 7-4].)

24
25
26
27
28

On April 14, 2022, Kinsale filed an Answer to Plaintiffs' Complaint along with a Cross-Complaint against Plaintiffs and Sandra Castro in the Superior Court, seeking a declaration of non-coverage and alternatively, a rescission of the insurance policy.  (*Mot.* at 5:1-6.)  Castro was not a party to this action prior to Kinsale naming her in its Cross-Complaint.  (*Id.* at 5:6-8.)

On April 18, 2022, four days after filing its Cross-Complaint in state court, Kinsale removed the case to this Court based on diversity jurisdiction. (*Id.* at 5:9-11.) Plaintiffs now move to remand the case back to state court. (*Mot.* at 2:2-9.)

## II.   LEGAL STANDARD

A federal court cannot reach the merits of any dispute until it confirms that it retains jurisdiction. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 95 (1998). "Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." Id. (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction … and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. (internal citations omitted).

The district court has an obligation to raise lack of subject matter or removal jurisdiction *sua sponte*. See 28 U.S.C. § 1447(c). Therefore, in a removal action, a district court must remand a case to state court if, at any time before final judgment, the court determines that it lacks subject matter jurisdiction. See id. Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (citations omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. (citation omitted).

## III.   DISCUSSION

Plaintiffs challenge the removal on grounds that Defendant Kinsale invoked the jurisdiction of the state court and waived its right to remove by filing a permissive Cross-Complaint in San Diego Superior Court. (*Mot.* at 2:10-14.) Additionally, Plaintiffs request

1   attorneys' fees and costs in the amount of $22,089.25 incurred as a result of Kinsale's

2   removal.  (*Reply* at 10.)  Defendant Kinsale opposes.

3

4   **A.**   **Defendant Kinsale Waived the Right to Remove by Filing a Permissive**

5   **Cross-Complaint in State Court**

6   On April 14, 2022, Defendant Kinsale filed an Answer and Cross-Complaint against

7   Plaintiffs in state court.  (*Mot.* at 5:1-6.)  The Cross-Complaint also named Sandra Castro,

8   who was not previously a party to this action.  (*Id.* at 5:6-8.)  Four days later, on April 18,

9   2022, Defendant purported to remove the entire action to this Court based on diversity

10  jurisdiction.  (*Id.* at 5:9-11.)  The issue before the Court is whether Defendant Kinsale may

11  properly remove an action to federal court after it has submitted a state court Answer and

12  Cross-Complaint against Plaintiffs and a new third party.

13  A defendant "may waive the right to remove to federal court where, after it is

14  apparent that the case is removable, the defendant takes actions in state court that manifest

15  his or her intent to have the matter adjudicated there and to abandon his or her right to a

16  federal forum."  Resolution Trust Corp. v. Bayside Developers, 43 F.3d 1230, 1240 (9th

17  Cir. 1994).  The alleged waiver of such a right must be "clear and unequivocal," and in

18  general, "the right of removal is not lost by action in state court short of proceeding to an

19  adjudication on the merits."  Beighley v. F.D.I.C., 868 F.2d 776, 782 (5th Cir. 1989)

20  (superseded by statute on other grounds) (citations omitted).

21  On the one hand, "merely filing a responsive pleading," like an answer or a

22  compulsory cross-complaint, does not constitute a waiver of the right to remove.  Acosta

23  v. Direct Merchants Bank, 207 F.Supp.2d 1129, 1131 (S.D. Cal. 2002) (relying on Bayside

24  Developers, 43 F.3d at 1240) (finding no waiver of the right to remove where the removing

25  party took defensive action to avoid a judgment being entered automatically against him).

26  Indeed, under California law, a defendant is obligated to make any compulsory claims

27  against the plaintiff at the time of its answer or risk being unable to assert such claims in a

28  later lawsuit.  Cal. Civ. Proc. Code ("CCP") § 426.30.  On the other hand, taking an

1    "offensive" action like "[f]iling a permissive counterclaim or third-party complaint … does

2    constitute waiver." Cal. Republican Party v. Mercier, 652 F.Supp. 928, 931 (C.D. Cal.

3    1986) (citation omitted); see also Acosta, 207 F.Supp.2d at 1132 (holding that defendant

4    waived its right to removal by filing a permissive cross-complaint against plaintiff in state

5    court, even though defendant removed the case to federal court only four days later).

6         The narrow issue here is whether Kinsale's Cross-Complaint against Plaintiffs and

7    Third-Party Sandra Castro in state court was compulsory or permissive.  Kinsale argues

8    that its Cross-Complaint consists *solely* of compulsory counterclaims.  However, by

9    joining Castro as a new party, Kinsale's Cross-Complaint is necessarily rendered

10   permissive, even if the declaratory relief sought against the original Plaintiffs is

11   compulsory.  That is because "[e]xcept as between plaintiffs and defendants, there is no

12   compulsory cross-complaint in California procedure." Maldonado v. Harris, 370 F.3d 945,

13   952 (9th Cir. 2004) (holding that cross complaints are permissive between parties and

14   nonparties) (citation omitted).

15        In other words, Kinsale was not required to bring an action against Sandra Castro at

16   the time of its Answer because she was not an original plaintiff in the state court action.

17   Thus, Kinsale's cross-complaint in state court was permissive.

18        Kinsale counters that Castro is an "indispensable" party and that joining a third-party

19   claimant as a defendant in a declaratory relief action is proper and assures that the court's

20   determination regarding coverage will bind the third party in later litigation. See Shapiro

21   v. Republic Indem. Co. of America, 52 Cal.2d 437, 440 (1959).  However, the insurance

22   company is still not required to join the injured third party. See Royal Indem. Co. v. United

23   Enters., Inc., 162 Cal.App.4th 194, 212 (2008) ("Although a liability insurer is allowed to

24   affirmatively join an injured third party as a codefendant in a declaratory relief action to

25   determine coverage, *the insurer is not required to do so*.") (citations omitted; emphasis

26   added).  Castro is not an indispensable party because her absence would not prevent the

27   court from rendering an effective judgment between the original Parties. See CCP § 389.

28

5

1
2
3
4
5
6
7
8

Lastly, Kinsale argues that it never actually invoked the jurisdiction of the state court as to Castro because it never requested a state court summons for her and only served her with a summons issued by this Court.  (*Opp'n* at 7:25-8:4).  Kinsale relies on <u>Sullivan v. Sullivan</u> for this argument, but that case is distinguishable because it concerned the inherent power of a court to set aside void judgments based on fraudulent service.  256 Cal.App.2d 310, 304-05 (1967).  In contrast, the issue here is whether Kinsale filed a permissive or compulsory cross-complaint in state court.  Not whether the state court exercised personal jurisdiction over Castro.

9
10

Accordingly, this case was <u>improperly</u> removed and is subject to immediate remand to San Diego Superior Court for all further proceedings.

11

12
13

**B.**   <u>**Plaintiffs Are Not Entitled to Attorneys' Fees Because Defendant Had an Objectively Reasonable Basis for Seeking Removal**</u>

14
15

Plaintiffs also request attorneys' fees in the amount of $22,089.25 incurred as a result of Defendant Kinsale's removal under 28 U.S.C. Section 1447(c).

16
17
18
19
20
21
22
23
24
25
26

Attorneys' fees in connection with remand are discretionary, not mandatory.  <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 136 (2005) ("a remand order 'may' require payment of attorney's fees—not 'shall' or 'should.'"); <u>see also</u> <u>Fogerty v. Fantasy, Inc.</u>, 510 U.S. 517, 533 (1994) ("[t]he word 'may' clearly connotes discretion.").  The standard for awarding attorneys' fees turns on whether removal was reasonable.  <u>See</u> <u>Martin</u>, 546 U.S. at 141.  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  <u>Id.</u>  A showing of bad faith by the removing party is not necessary for an award of costs an attorney's fees.  <u>Moore v. Permanente Med. Grp., Inc.</u>, 981 F.2d 443, 446 (9th Cir. 1992).

27
28

Here, Defendant Kinsale had an objectively reasonable basis to invoke federal jurisdiction by removing the case such that attorneys' fees should not be awarded.

While these authorities are not binding on this Court, Kinsale reasonably relied on several unpublished cases from other jurisdictions that did not find waiver if *at least some* of the claims asserted in a state court cross-complaint constituted compulsory counterclaims.  See Lang v. Mattison, 2013 WL 2103145, at *4 (E.D. Ky. May 14, 2013) (where "at least a portion of the claims and counterclaims arise out of the same transaction or occurrence," remand is not appropriate); B & S Equip. Co. v. Cent. States Underwater Contracting, Inc., 2020 WL 1466765, at *6 (E.D. La. Mar. 26, 2020) (where a counterclaim consists of both compulsory and permissive claims, "it cannot be said that [defendant] clearly and unequivocally waives its right to removal"; further noting that "waiver should not be so lightly inferred" in such circumstances).  These cases are distinguishable from the present as each involved counterclaims between plaintiff and defendant alone and did not address the permissive joinder of a new third party.

In addition, Kinsale filed its Notice of Removal only four days after filing its Answer and Cross-Complaint in state court, so any prejudice to Plaintiffs is slight. (*Mot.* at 5:9-11.)

Accordingly, Kinsale had an objectively reasonable basis for removal such that attorneys' fees are not warranted.

///
///
///
///
///
///
///
///
///
///

1

## IV.   ORDER & CONCLUSION

2    In light of the foregoing, the Court **GRANTS** Plaintiffs' Motion to Remand [Doc.

3  7], **ORDERS** the case remanded to the San Diego Superior Court, and **DENIES** Plaintiffs'

4  request for attorneys' fees [Doc. 7].

5    **IT IS SO ORDERED.**

6  Dated:  June 13, 2022

7

8                                                    Hon. Thomas J. Whelan

9                                                    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8